## STEPHEN PAWLAK *vs.* MICHAEL GRANOWSKI.

Submitted on briefs April 14, 1893.  Affirmed June 30, 1893.

**Findings Supported by the Evidence.**
> Findings of fact *held* justified by the evidence.

**When a Vendee is Entitled to His Deed.**
> Where the consideration in a contract for the sale of land, which appeared to be a sale for cash, is paid at the time of the sale, the vendee is entitled to his deed presently upon demand.

**Demand Waived by Conduct.**
> No formal demand is necessary, where it is waived, or the contract is repudiated by the vendor.

**Possession Delivered by Vendor Shown to Entitle Vendee to Specific Performance.**
> To take the case of a parol contract for the sale of land out of the statute, on the ground of the possession of the vendee, such possession must be with the consent, express or implied, of the vendor, and in pursuance of the contract.

Appeal by defendant, Michael Granowski, from an order of the District Court of McLeod County, *Francis Cadwell,* J., made July 25, 1892, denying a new trial.

Defendant orally agreed with Stephen Pawlak, the plaintiff, on October 15, 1886, to convey to him lots two (2) and three (3) in block one (1) in Silver Lake for $185.  Plaintiff on that day paid $60 thereof, and soon after the residue.  He had a deed drawn for Granowski and wife to execute, but it was never signed.  He took possession, grubbed out the stumps, dug out the boulders, plowed and cultivated the lots, built a post and board fence around them, set out shade trees, and partly graded the street in front.  In April, 1888, he removed to Chicago, Ill., leaving the lots in charge of his brother, Frank Pawlak, who cultivated them until the fall of 1890, when he was convicted of a crime and sentenced to the penitentiary at Stillwater.  Thereafter, Frank's wife, who lived near the lots, cultivated them.  In the spring of 1891 she planted them to corn and potatoes.  Plaintiff paid the taxes on the lots from the time he bargained for them, in 1886.  On June 12, 1891, Granowski and wife conveyed lot three (3) to defendant, Anna J. Danek, by war-

ranty deed, and she paid him therefor $250, and built a house thereon worth $1,250. She had no actual notice of plaintiff's claim to the lot when she bought, and paid her money and obtained her deed.

Plaintiff, Stephen Pawlak, brought this action in 1891 against Granowski and wife and Anna J. Danek and husband, to obtain specific performance of the oral agreement of purchase. The issues were tried November 17, 1891. The court made findings, and ordered judgment that Michael Granowski convey to plaintiff lot two, (2,) and pay him the $250 received from Anna J. Danek with interest thereon from June 12, 1891. In case plaintiff shall not desire such deed, then that he recover of Michael Granowski $450 and interest thereon from said date, with costs, and that the action be dismissed as to the other defendants without costs to them.

Michael Granowski moved for a new trial, but was denied, and he alone appeals to this court.

*McClelland & Tifft,* for appellant.

The motion of defendants for judgment on the pleadings ought to have been granted. No time is alleged at which the contract of sale and purchase was to be perfected by the payment of the purchase money and the delivery of a conveyance, nor is it alleged that any demand was ever made upon the defendants for a conveyance, prior to the commencement of this action.

The question put to the plaintiff as a witness, viz. "Whatever Frank did on these lots he did with your permission and at your request?" was objectionable, in that it was leading, and indicated to the witness the answer desired. Defendant's objection on that ground should have been sustained.

Courts of equity will not enforce contracts, any material terms of which do not appear. *Williams* v. *Stewart,* 25 Minn. 516; *Burk* v. *Ray,* 40 Minn. 34; *Lanz* v. *McLaughlin,* 14 Minn. 72, (Gil. 55;) *Holliday* v. *Hubbard,* 45 Minn. 333; *Johnson* v. *Skillman,* 29 Minn. 95; *Worthington* v. *Worthington,* 32 Neb. 334.

There is not a word of testimony tending to show that the alleged possession of the plaintiff was at any time rightful; that plaintiff was at any time licensed by the defendant to take possession; that the defendant at any time had knowledge or notice of plaintiff's pos-

session.    Granowski moved to Stearns County in the fall of 1887, and never knew or had notice or knowledge of plaintiff's alleged possession.    To make the plaintiff's possession effective, as an element to take the case out of the Statute of Frauds, it must have been by the permission of defendants.    A parol contract to convey, is not a license to enter.    *Nibent* v. *Baghurst*, 47 N. J. Law, 201; *Suffern* v. *Townsend*, 9 John. 35; *Foster* v. *Maginnis*, 89 Cal. 264.

*F. R. Allen* and *Little & Nunn*, for respondent.

The complaint shows a complete and unconditional contract for the sale of the lots, the payment of all the purchase money, and that relying upon the contract, plaintiff entered into possession, and cultivated and improved the lots from the date of the purchase, and continued in the possession of one of them until the trial of this action, and during all these years, paid the taxes thereon.    *Gill* v. *Newell*, 13 Minn. 462, (Gil. 430;) *Benjamin* v. *Wilson*, 34 Minn. 517; *Bomier* v. *Cadwell*, 8 Mich. 463.

No demand for the performance of the contract was necessary, for Granowski had placed it beyond his power to perform, by selling one of the lots to Danek.    *Smith* v. *Jordan*, 13 Minn. 264, (Gil. 246;) *Bennett* v. *Phelps*, 12 Minn. 326, (Gil. 216;) *Gill* v. *Newell*, 13 Minn. 462, (Gil. 430.)

The answer denies the contract.    Hence, a demand for performance would in any event have been useless, and the same rule would apply.    *Kellogg* v. *Olson*, 34 Minn. 103; *Miller* v. *Adamson*, 45 Minn. 99 ; *Guthrie* v. *Olson*, 44 Minn. 404.

The circumstances under which a leading question may be put to a witness, are entirely within the discretion of the trial court, and not a matter which may be assigned for error, unless there is a gross abuse of discretion.    *Blakeman* v. *Blakeman*, 31 Minn. 396.

The lots were sold by defendant to plaintiff, and he paid for them. There were no credits or conditions.    Plaintiff had fully complied with the terms.    It only remained for defendant to execute the conveyance.    This being the case, authorities in regard to credits and conditions are irrelevant.    The entry by plaintiff under the contract without objection, and making substantial improvements, is sufficient part performance to take the agreement out of the stat-

ute of frauds. *Pfiffner* v. *Stillwater & St. P. R. Co.*, 23 Minn. 343; *Evergreen Cem. Association* v. *Armstrong*, 37 Minn. 259; *Place* v. *Johnson*, 20 Minn. 219, (Gil. 198;) *Brown* v. *Hoag*, 35 Minn. 373.

VANDERBURGH, J. This action is brought for specific performance of an alleged contract for the sale and conveyance of two village lots in the town of Silver Lake, McLeod county. Judgment was ordered for the plaintiff for the conveyance of one lot, and compensation for the value of the other, which had been conveyed away to the defendant Danek before this action was brought. No objection is made to the form of the judgment, but defendant Granowski denies that plaintiff is shown to be entitled to any relief.

1. The first assignment of error involves the sufficiency of the complaint, which is denied on the special grounds that the terms of the contract, as alleged, are not sufficiently definite, and no demand for a conveyance was made before the commencement of this action. But the complaint shows that it was a cash transaction. The money was paid down, and the plaintiff was presumptively entitled to the deed presently; and it also appears that the defendant Granowski and his wife repeatedly promised to make the same, and, though frequently asked by plaintiff to execute the same, they have never done so. Besides, as respects the demand, they, by their answer, utterly deny and repudiate the contract, and therefore a formal demand would be useless.

2. As respects the allegations and proof of the payment of the taxes by the plaintiff after the purchase, the evidence was proper, and of some value, between the parties, as tending to prove the assertion of ownership in connection with plaintiff's alleged possession. It is not prejudicial error to refuse to strike out irrelevant or immaterial matter in a complaint at the trial, because the question can only become material when the evidence is offered; and as the question of plaintiff's right to recover back the taxes, with the purchase money, is not involved in this appeal, and the evidence was proper for the purposes we have indicated, it is evident that there was no error in the ruling complained of.

3. Objections were overruled by the court to several questions which were perhaps objectionable in form,—that is, leading,—but this was a question in the discretion of the trial court, and does

not touch the merits of the appeal. There was no error in admit· ting the testimony of John Pawlak as to what the parties said about the sale in his presence, and the value of this testimony could easily be estimated by the jury, taken in connection with his subsequent statements.

4. There is sufficient evidence in the case to support the finding of fact by the trial court that the contract was made substantially as claimed by the plaintiff, and the purchase price paid as alleged. The evidence in plaintiff's behalf is clear and explicit, and shows, also, that both defendant and his wife admitted that they had sold the lots to plaintiff, and promised to sign a deed of the premises, and that subsequently defendant Michael admitted that he had signed it.

5. We may therefore assume, under the evidence and findings, that the contract was fully completed on plaintiff's part, and that nothing remained but the formal execution of the deed which was expected within a reasonable time, when it could be conveniently done. And it is sufficiently evident from the evidence in plaintiff's behalf that he made the improvements in question with the understanding that he was entitled to and did take possession as equitable owner, and that they were made with the implied consent, at least, of the defendant Granowski. We think the finding of the trial court that the improvements were made under and in pursuance of this contract, and in reliance thereon, is sustained by the evidence, and that the findings of fact warrant an order for judgment in plaintiff's favor. The plaintiff has not, therefore, failed to make a case, as respects these essential conditions, entitling him to relief.

Order affirmed.

(Opinion published 55 N. W. Rep. 831.)